# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| JUDITH A. KUBSCH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:10-CV-495-JEM |
| | ) | |
| INDIANA STATE POLICE, | ) | |
|     Defendant, | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Memorandum Regarding Questions of Equitable Relief [DE 85]. At the November 5, 2015, status conference, the Court ordered briefing on the issue of whether Plaintiff's disparate treatment and retaliation claims remain as a basis for equitable relief notwithstanding the Court's Order granting Defendant's Motion for Summary Judgment on those claims. On November 19, 2015, Plaintiff filed the requested Memorandum. Defendant filed a Response on December 10, 2015, and Plaintiff filed her Reply on December 16, 2015. In the Memorandum, Plaintiff requests that the Court enter summary judgment in her favor on her "equitable claims."

**I.  Background**

On December 17, 2010, Plaintiff filed her Complaint in federal court against her employer, Defendant Indiana State Police. On July 14, 2011, Plaintiff filed an Amended Complaint, asserting claims of sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964. On February 15, 2013, Defendant filed a Motion for Summary Judgment "on all claims made against [Defendant] by Plaintiff."

Judge James Moody, the District Court Judge then assigned to the case, referred the motion to this Court for a report and recommendation. On November 3, 2014, this Court issued its Report and Recommendation, recommending that Judge Moody enter judgment in Defendant's favor on Plaintiff's discrimination and retaliation claims. However, the Report and Recommendation noted that Plaintiff

had pleaded – as argued in her Reply to the Motion for Summary Judgment – a hostile work environment in her Amended Complaint. Judge Moody adopted the Report and Recommendation as the Order of the Court, and entered judgment in Defendant's favor on Plaintiff's discrimination and retaliation claims. Because the parties had not fully briefed the question of summary judgment on the hostile work environment claim, it remained.

On August 8, 2015, the parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

At the November 5, 2015, status conference, Plaintiff's counsel asserted that Plaintiff's "equitable claims" remained viable in this case, notwithstanding the entry of judgment on Plaintiff's discrimination and retaliation claims. Therefore, the Court ordered the parties to brief the issue of equitable relief.

**II.     Analysis**

As a preliminary matter, the Court notes that the majority of Plaintiff's brief reargues the issue of summary judgment on her disparate treatment and retaliation claims. However, the limited question before the Court is whether Plaintiff's disparate treatment and retaliation claims – or, in the Plaintiff's words, her "equitable claims" – survived that Order and remain a viable basis for equitable relief. Accordingly, the Court will not address any arguments relating to the proper tests for Plaintiff's disparate treatment and retaliation claims, as those arguments are improper at this time.

As to the continued viability of her claims, Plaintiff argues that her "request for declaratory and injunctive relief remain viable after her claim of sex discrimination was resolved against her on summary judgment." Plaintiff points out that the Court found Defendant was entitled to summary judgment because Plaintiff "failed to present any evidence that she suffered a materially adverse

2

employment action." Similarly, Plaintiff asserts that "[i]n moving for summary judgment, the defendant did not address plaintiff's claims for equitable relief." Based on this, Plaintiff argues that the Court did not eliminate her "claims" for equitable relief, only her claims for damages.

Plaintiff anchors her arguments in *Bell v. Taylor*, 791 F.3d 745 (7th Cir. 2015), in which the Sixth Circuit held that the district court "did not resolve [the plaintiff's] claims for injunctive relief. As such, the district court's ruling was not final, and [the plaintiff's] appeal is premature." *Bell*, 791 F.3d at 748. In *Bell*, the defendants moved for summary judgment on the grounds that, in relevant part, the plaintiff was not entitled to economic damages. *Id.* at 746. In its order on the defendants' motion, the district court explicitly stated, "Defendants . . . rest their motion for summary judgment on the premise that Mr. Bell cannot establish actual damages or indirect profits." *Id.* at 748. On review, the Sixth Circuit emphasized this fact again, stating that "the defendants made clear that they were moving for judgment only as to the issue of damages." *Id.* Due to this limitation, the Sixth Circuit concluded that "the district court's opinion did not decide whether Bell's claims warrant injunctive relief." *Id.*

Unlike in *Bell*, the Defendant's Motion for Summary Judgment and the Court's Order were not limited to the question of damages. The Defendant requested that the Court enter "summary judgment . . . in [Defendant's] favor on all claims made by Plaintiff." The Court granted "defendant's motion for summary judgment . . . as to plaintiff's disparate treatment and retaliation claims." The question before the Court on summary judgment was whether Defendant was entitled to judgment in its favor on Plaintiff's *claims*, with no distinction between the forms of *relief* available under those claims.

Furthermore, in failing to establish an adverse employment action, Plaintiff could not

3

demonstrate an essential element[1] of her discrimination and retaliation claims. *See Chaib v. Indiana*, 744 F.3d 974, 982 (7th Cir. 2014) ("The requirement that a plaintiff show she suffered an adverse employment action as a result of her employer's alleged discrimination is an element of any Title VII claim, regardless of whether the claim is reviewed under the traditional direct/indirect framework or the less rigid framework our cases have recently suggested.") (citation omitted); *Oest v. Ill. Dept. of Corrections*, 240 F.3d 605, 612 (7th Cir. 2001) ("Only those acts resulting in adverse employment actions are cognizable under Title VII."). The effect of Plaintiff's failure to show an adverse employment action is not limited to whether she may receive one remedy or another. The deficiency prevents Plaintiff from receiving any remedy at all – equitable or otherwise – on her discrimination and retaliation claims.

The *Bell* plaintiff's lack of damage evidence was not similarly fatal. The Sixth Circuit explicitly stated, "Bell sought both damages and an injunction against the defendants. So, despite the [district] court's ruling, Bell's copyright claim was still alive. Indeed, '[t]he existence of damages suffered is not an essential element of a claim for copyright infringement.'" *Bell*, 791 F.3d at 748 (quoting *Davis v. Gap, Inc.*, 246 F.3d 152, 158 (2d Cir. 2001)). Because of this key difference, Plaintiff's reliance on *Bell* is misplaced. Plaintiff's discrimination and retaliation claims required her to prove an adverse employment action. She failed to do so, and as a result, those claims and any requests for relief related to them did not survive summary judgment.

Plaintiff's assertion that her "requests for declaratory and injunctive relief remain viable" is true only insofar as those remedies are appropriate for her hostile work environment claim, which

---

[1] For the first time, Plaintiff argues that "[p]roof of individualized damages – or any other form of 'materially adverse employment action' – is not an element for declaratory or injunctive relief" sought under her discrimination claim. This is inconsistent with both the law and Plaintiff's own summary judgment brief, where she spent two pages arguing that she had, in fact, suffered a legally sufficient harm.

4

survived summary judgment. As noted, however, the parties have never briefed the question of whether summary judgment is appropriate on Plaintiff's hostile work environment claim. After reviewing the record and the parties' arguments on related issues, the Court has determined that this case would benefit from briefing as to the merits of Plaintiff's hostile work environment claim and its applicable requests for damages.

The Court requests that the parties brief the issue of whether summary judgment is appropriate under Federal Rule of Civil Procedure 56 on Plaintiff's hostile work environment claim.

### III. Conclusion

The Court hereby **DENIES as moot** any request contained in Plaintiff's Memorandum Regarding Questions of Equitable Relief [DE 85] that the Court enter summary judgment in her favor as to her claims for disparate treatment and retaliation. The Court **ORDERS** the parties to submit briefing on the issue of whether Plaintiff's hostile work environment claim can be resolved on summary judgment under Federal Rule of Civil Procedure 56. Defendant's brief is due **July 30, 2016**. All other applicable deadlines shall be determined under Local Rule 56-1.

So ORDERED this 30th day of June, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record

5