**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| JUDITH A. KUBSCH, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO. 2:10-CV-495-JEM |
| | ) | |
| INDIANA STATE POLICE, | ) | |
|     Defendant, | ) | |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment on Plaintiff's Hostile Work Environment Claim [DE 92], filed by Defendant on August 1, 2016.[1] Defendant requests that the Court enter judgment in its favor on Plaintiff's hostile work environment claim. On September 9, 2016, Plaintiff filed a response, and on October 7, 2016, Defendant filed a reply.

On August 8, 2015, the parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**I.    Background**

Plaintiff filed an Amended Complaint on July 15, 2011, alleging sex discrimination and retaliation claims under the Civil Rights Act of 1964 against her employer, Defendant Indiana State Police. On February 2, 2013, Defendant filed its first Motion for Summary Judgment, asking that the Court enter judgment in Defendant's favor on Plaintiff's claims. On November 3, 2014, the undersigned Magistrate Judge issued a Report and Recommendation, recommending that Judge James T. Moody dismiss Plaintiff's sex discrimination and retaliation claims. The undersigned also

---

[1] The Court ordered Defendant to file its brief concerning Plaintiff's hostile work environment claim by July 30, 2016. Defendant did not move for an extension of this deadline, yet it filed its Motion one day after the deadline set by the Court. In the interest of justice, the Court will consider Defendant's Motion. The Court cautions Defendant that failure to comply with deadlines in the future may result in sanctions.

found that Plaintiff had adequately pleaded a third claim for relief – a hostile work environment claim – that had not been fully briefed on summary judgment. Accordingly, the undersigned recommended that Judge Moody deny Defendant's motion for summary judgment on Plaintiff's hostile work environment claim. Judge Moody adopted the undersigned's Report and Recommendation, and Plaintiff's hostile work environment survived.

Thereafter, Plaintiff disputed which claims survived the Court's summary judgment order. After clarifying that only Plaintiff's hostile work environment claim remained, the Court ordered the parties to brief the issue of whether that claim might appropriately be resolved by summary judgment.

## II. Standard of Review

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchinson, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor

of that party. *See Andreson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

### III. Undisputed Facts

The relevant, agreed facts of this case have changed little since the Court's Report & Recommendation on Defendant's previous summary judgment motion. Accordingly, the Court only briefly details the facts relevant to Plaintiff's hostile work environment claim.

Plaintiff works as a master trooper for the Indiana State Police Department. On March 3, 2009, Plaintiff's superiors referred her for a mental health fitness for duty evaluation due to public complaints. While the fitness for duty evaluation was pending, Plaintiff was reassigned to administrative duties within the Indiana State Police Department. On August 13, 2009, Plaintiff's superiors referred her for a second fitness for duty evaluation, and in October 2010, Plaintiff received a written employee counseling form for inappropriate communication over a mobile data terminal system. In another incident, Plaintiff's fellow officer accused her of shirking her duties over the police radio.

Plaintiff asserts that her gender was the true cause of the fitness for duty evaluations and counseling form. Viewing the evidence in the light most favorable to Plaintiff, women are 2 to 3 times more likely to be referred for fitness for duty evaluations than men, and women are referred for evaluations for less serious infractions than men.

### IV. Analysis

3

Plaintiff repurposes many of her sex discrimination and retaliation arguments to support her hostile work environment claim. Judgment was previously entered against Plaintiff on her sex discrimination and retaliation claims, so the Court herein addresses only Plaintiff's hostile work environment claim.

A. New Allegations

Plaintiff attempts to cite several instances of alleged workplace hostility that were not included in her original EEOC charges in 2009 and 2010, which form the basis of this case. "A plaintiff may pursue a claim not explicitly included in an EEOC complaint only if [her] allegations fall within the scope of the charges contained in the EEOC complaint." *Conley v. Vill. of Bedford Park*, 215 F.3d 703, 710 (7th Cir. 2000) (internal quotations omitted). Whether allegations are "within the scope" of an EEOC charge depends on whether the new allegations are "like or reasonably related to" the allegations in the EEOC charge. *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1119. "This means that 'the EEOC charge and the complaint must, at a minimum, describe the same conduct and implicate the same individuals.'" *Id.* (quoting *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994)).

The new allegations in Plaintiff's brief, which were not included in her Amended Complaint, took place from just after Plaintiff filed her December 2010 EEOC charge through June 2016. While the new allegations do concern Indiana State Police employees, the allegations concern conduct and employees factually distinct from those referenced in the 2009 and 2010 EEOC charges. *See Conley*, 215 F.3d at 710. Accordingly, the Court considers only whether the allegations in the 2009 and 2010 EEOC charges, which Plaintiff subsequently included in her Amended Complaint and now attempts to support by evidence, creates a material issue of fact sufficient to support a hostile work

4

environment claim.

B.  Hostile Work Environment Claim

"Title VII prohibits the creation of a hostile work environment. . . . In order to prevail on such a claim, a plaintiff must show that the work environment was so pervaded by discrimination that the terms and conditions of employment were altered." *Chaib v. Indiana*, 744 F.3d 974, 985 (7th Cir. 2014) (internal quotation marks and citations omitted). Avoiding summary judgment on a hostile work environment claim requires a plaintiff to create a genuine issue of material fact on any of the following four required elements: "(1) the work environment must have been both subjectively and objectively offensive; (2) her gender . . . must have been the cause of the harassment; (3) the conduct must have been severe or pervasive; and (4) there must be a basis for employer liability." *Id.*

Plaintiff points to her two fitness for duty evaluation referrals as evidence of a hostile work environment. Plaintiff contends that women were referred for fitness for duty evaluations more often than men – about 2 to 3 times more often – and that women were referred to fitness for duty evaluations for less serious infractions than men. Plaintiff previously tried – albeit unsuccessfully – to use these same facts to support her sex discrimination claim.

These facts also do not support Plaintiff's hostile work environment claim, which is substantively different than a sex discrimination claim:

> A discrete act of discrimination, such as a termination, failure to promote or hire, denial of transfer, etc., "forms a separate actionable unlawful employment practice." . . . Hostile work environment claims are different from disparate treatment claims because the issue is not whether particular acts constitute employment discrimination or retaliation, but whether the overall environment in which a plaintiff worked was illegally . . . hostile.

5

*Robinson v. Lake Minnehaha Owner's Ass'n*, No. 2:12-CV-108-TLS, 2012 WL 6197150, at *4 (N.D. Ind. Dec. 12, 2012) (quoting *Lapka v. Chertoff*, 517 F.3d 974, 982 (7th Cir. 2008); additional internal quotations and citations omitted).

A hostile work environment claim arises when "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Robinson*, 2012 WL 6197150, at *4 (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Plaintiff's assertion that she was referred for two fitness for duty evaluations, and that women in general were referred more often than men for those evaluations, does not meet this standard. No evidence presented to the Court associated with the fitness for duty evaluation referrals demonstrates any "discriminatory intimidation, ridicule, or insult . . . sufficiently severe or pervasive to alter the conditions" of Plaintiff's employment. *Id.*

Plaintiff also provides evidence of an incident when Sgt. Chad Larsh accused Plaintiff of "shirking her duties" over the radio. Pl. Affidavit at 4. Sgt. Larsh radioed Plaintiff while she was responding to a car crash. Pl. Dep. at 125. According to Plaintiff's deposition, Sgt. Larsh said something to the effect of, "You work eight and a half hours a day, and that's what you will work," as well as "a few other derogatory type of things." Pl. Dep. at 125. Plaintiff says Sgt. Larsh's radio transmission "was humiliating" and could be "heard across the entire northern part of the state." Pl. Affidavit at 4.

Sgt. Larsh's isolated comment, as a matter of law, also does not satisfy the standards for a hostile work environment. An "offensive utterance alone [does] not give rise to a Title VII claim because it [does] not sufficiently affect the terms and conditions of the plaintiff's employment." *Dey*

*v. Colt Const. & Dev. Co.*, 28 F.3d 1446, 1456 (7th Cir. 1994). Furthermore, Sgt. Larsh's comment did not reference Plaintiff's sex and was not sexual in nature. It is true that a "series of non-sexual incidents . . . may collectively amount to a discriminatory hostile work environment." *Boebel v. Combined Ins. Co. of* Am., 2004 U.S. Dist. LEXIS 535, at *20 (N.D. Ill. Jan 16, 2004) (citing *Haugerud v. Amery Sch. Dist.*, 259 F.3d 678, 692 (7th Cir. 2004). However, "all incidents and comments, both sexual and non-sexual, must be sufficiently severe or pervasive to constitute a cognizable hostile work environment claim." *Id.* In this case, Sgt. Larsh's comment was not particularly severe, nor has Plaintiff provided evidence of any other comments that, taken together, might be considered pervasive.[2]

Because the undisputed facts do not demonstrate severe or pervasive offensive conduct – a required element of Plaintiff's hostile work environment claim – summary judgment in Defendant's favor is appropriate. *See Celotex*, 477 U.S. at 322.

**V.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment on Hostile Work Environment Claim [DE 92] and **DIRECTS** the Clerk of Court to enter judgment in Defendant's favor.

SO ORDERED this 28th day of March, 2017.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record

---

[2] In her response, Plaintiff cited other comments and incidents that might reasonably support a hostile work environment claim. However, those allegations are not properly before the Court, as discussed above.